IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20314

Summary Calendar
_____


MARILYN JEAN HOPPENS,

                              Plaintiff-Appellant,

v.

GENERAL NUTRITION CENTER,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-855)
_____

September 24, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

        Marilyn Jean Hoppens appeals the district court's grant of

summary judgment to General Nutrition Center (GNC) in her age

discrimination suit for her discharge.  The district court found

that Hoppens failed to raise a fact question on whether GNC's

nondiscriminatory reason for her termination was a pretext for

discrimination.  We affirm.

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL BACKGROUND

On February 13, 1995, Appellee GNC terminated Appellant Hoppens who, at age 51, was a senior store manager in Pasadena, Texas. According to GNC, Hoppens was terminated because a January deposit from her store was lost when a subordinate dropped the deposit into the envelope drop at the bank rather than the locking dropbox as she was told was allowable by Hoppens. Hoppens claims a bank official told her that this was acceptable, and her supervisor, Al Demeke, told her to follow the bank's instructions on deposits. Initially two deposits were missing, but one was later found jammed into the envelope drop slot. The other deposit, which contained about $1400, was never found.

Craig Kidd from GNC's security department investigated the loss. Upon Kidd's transfer to the area, Hoppens claims that Demeke told her, well before the loss of the deposits, that Kidd was responsible for the termination of five "long term" managers in the San Antonio area. Hoppens also claims that Kidd subjected her to excessive scrutiny and tried to set her up to make mistakes.

As a result of the investigation of the lost deposit, Demeke terminated Hoppens and the subordinate who had made the drops for failing to follow company cash handling procedures by not using the locking dropbox. Hoppens was discharged specifically for

2

failing to ensure that company policy was complied with in making a bank deposit. Company policy recommends discharge for this violation. The manager who replaced Hoppens at the store was 39 years old.

Hoppens compares her treatment by GNC to that of Toni Lane, a 32-year-old manager, who failed to properly follow company procedure for refunds and cancellations. Lane received a written warning for this violation as was recommended by company policy.

Hoppens filed suit in the United States District Court for the Southern District of Texas under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, after receiving the proper right-to-sue letter from the EEOC. GNC moved for summary judgment and the district court granted its motion. Hoppens appeals.

## II. STANDARD OF REVIEW

We review the grant of summary judgment de novo, applying the same criteria used by the district court in the first instance. Texas Med. Ass'n v. Aetna Life Ins. Co., 80 F.3d 153, 156 (5th Cir. 1996). Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

FED. R. CIV. P. 56(c).  In employment discrimination cases, we focus on whether a genuine issue exists as to whether the employer intentionally discriminated against the defendant. Grimes v. Texas Dep't of Mental Health and Mental Retardation, 102 F.3d 137, 139 (5th Cir. 1996).

## III. DISCUSSION

Hoppens contends that there exist genuine issues of material fact as to whether GNC produced a legitimate nondiscriminatory reason for her discharge and as to whether or not this reason was merely a pretext for age discrimination.  She therefore argues that the district court erred in granting GNC's motion for summary judgment.

### A.    The Shifting Burdens of ADEA Claims

In the Title VII context, the Supreme Court has developed a burden-shifting framework for the presentation of proof.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  The Fifth Circuit has adopted this framework for ADEA cases as well.  Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 992 & n.3 (5th Cir. 1996) (en banc).  First, the plaintiff must present a prima facie case of age discrimination, which is established when the plaintiff

4

demonstrates that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 957 (5th Cir. 1993). Once the plaintiff establishes a prima face case by a preponderance of the evidence, an inference of unlawful discrimination arises. See Hicks, 509 U.S. at 506; Rhodes, 75 F.3d at 992.

This inference shifts the burden of production to the defendant who must then produce evidence of a legitimate, nondiscriminatory reason for the action it took to rebut the inference of unlawful discrimination. Rhodes, 75 F.3d at 992-93. The employer's burden of production is met by evidence that, "if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." Hicks, 509 U.S. at 507 (citing Burdine, 450 U.S. at 254-55 & n.8). The presumption of discrimination only shifts the burden of production, with the burden of persuasion remaining on the plaintiff. Hicks, 509 U.S. at 507. Once the employer has met the burden of production, the inference of unlawful discrimination raised by the prima facie case disappears. Burdine, 450 U.S. at 255 & n.10; Rhodes, 75 F.3d at 993.

With the inference of unlawful discrimination gone, the plaintiff must demonstrate that the employer's stated reason was

5

merely a pretext for discrimination.  To survive summary judgment, the plaintiff's evidence of pretext and its prima facie case together must "(1) create[] a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) create[] a reasonable inference that age was a determinative factor in the actions of which plaintiff complains."  Rhodes, 75 F.3d at 994; see also Hicks, 509 U.S. at 515 ("[A] reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false and that discrimination was the real reason.").  This two-pronged analysis of evidence of a pretext for discrimination serves to enforce the requirement that age motivate the discrimination in order for a claimant to be protected under the ADEA, which does not redress an employer's general unfairness.  See Rhodes, 75 F.3d at 994.  This requirement also keeps the courts from becoming personnel managers reviewing the fairness or judgment of business decisions.  See Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1507-08 (5th Cir. 1988).

## B.  GNC's Articulated Nondiscriminatory Reason for Hoppens's Discharge

We can begin our analysis with GNC's nondiscriminatory reason for Hoppens's discharge because GNC does not challenge whether Hoppens established a prima facie case on appeal. As the district court noted, GNC produced evidence of a legitimate,

nondiscriminatory reason for Hoppens's discharge.  GNC entered into evidence the Employee Separation Report, which stated the reason for her discharge: "Missing Deposits.  Manager fail [sic] to comply with company policy for store bank deposits.  $1421.85 loss on 1/14/95."  GNC also entered into evidence company policies regarding bank deposits and recommended levels of discipline for different violations of company policy.  These documents showed that discharge was the recommended action for a bank deposit violation.  Both parties agree that the loss occurred.

The above evidence, if believed, would support a finding that age discrimination was not the cause of Hoppens's discharge. GNC has met its burden of production,[1] and therefore, the inference of unlawful discrimination disappears.  Hoppens argues that GNC has failed to meet its burden of production because GNC's reason and evidence are "unworthy of credence," but Hicks states that the defendant's burden is met by evidence that if believed would support the inference and is not subject to a credibility assessment at this stage. Hicks, 509 U.S. at 509.

## C.    Hoppens's Evidence of Pretext for Age Discrimination

_____

[1]Hoppens contends that GNC cannot articulate a legitimate, nondiscriminatory reason for her discharge because it lacks a written policy clearly dealing with her case, but this requirement would increase GNC's burden beyond that required by Hicks.

7

To succeed in opposing the motion for summary judgment, Hoppens must present evidence to create a fact issue as to whether GNC's reason was the actual reason for her discharge and to create a reasonable inference that age was a determinative factor in her discharge.  See Rhodes, 75 F.3d at 994.  The district court held that Hoppens created a factual issue as to whether she actually violated company policy, but failed to create a reasonable inference of age discrimination.

The majority of Hoppens's evidence relates to how she was treated unfairly by Kidd before and during the investigation.  She notes that the policy for termination for loss of a deposit provides for flexibility in the case of extenuating circumstances, but she was not given the benefit of such provision despite her long service to GNC.  She notes the ambiguity in the written policy as to whether it applies just to bank bags or also to the dropboxes at banks.  One bank official surmised that the deposit was lost when someone fished it out of the envelope slot.  The above evidence does raise a factual question as to whether Hoppens actually violated GNC's policies, which in turn raises the factual question of whether GNC's stated reason for her discharge was the actual reason.

Proving that GNC's articulated reason is false, however, is not sufficient to defeat summary judgment because such proof does not necessarily show that the true reason was related to age. See Hicks, 509 U.S. at 524; see also Mayberry v. Vought Aircraft

8

<u>Co.</u>, 55 F.3d 1086, 1091 (5th Cir. 1995) (holding that employer's error in applying its policy does not show discriminatory motive) (citing <u>Little v. Republic Refining Co.</u>, 924 F.2d 93, 97 (5th Cir. 1991)).  Hoppens must also present evidence implicating age as a determinative factor in her termination.  <u>Rhodes</u>, 75 F.3d at 994.  To meet this burden, Hoppens compares her treatment to that of a younger manager, Toni Lane, and presents a comment from Demeke about Kidd.[2]

To establish discriminatory motive through the different treatment of another employee, that employee must have been treated differently in "nearly identical" circumstances. <u>Mayberry</u>, 55 F.3d at 1090; <u>see also</u> <u>EEOC v. Brown & Root, Inc.</u>, 688 F.2d 338, 339-40 (5th Cir. 1982) (comparable employees had the exact same problem as plaintiff--"freezing" when working up high); <u>Brown v. A.J. Gerrard Mfg. Co.</u>, 643 F.2d 273, 276 (5th Cir. 1981) (comparable employees had committed exact same violation--absenteeism).  The nearly identical circumstances can include situations where the two comparable employees did not commit the same act but committed acts of comparable seriousness. See <u>McDonnell Douglas</u>, 411 U.S. at 804.

---

[2]Hoppens also alleges poor treatment by Kidd before and after the loss of the deposit.  She has presented no evidence that Kidd treated her any differently than any other manager or employee, and thus the evidence does not suggest any discriminatory motive.

The record shows that Hoppens was discharged for the loss of the deposit because she failed to ensure that a deposit was made according to company policy.  Hoppens does not dispute that this violation is the one for which GNC discharged her or that discharge is the recommended action.  Lane on the other hand did not lose a deposit but was given a written warning for "Fail [sic] to implement company procedure on cancell [sic] & no sales."  GNC classifies this violation as a "failure to follow proper refund policies and procedures," for which company policy recommends oral and written warnings before termination.[3] Hoppens, on the other hand, characterizes Lane's violation as "failure to properly handle refund transactions" and as a cash handling violation for which discharge is the recommended action.  By classifying the violation differently, Hoppens attempts to raise Lane's violation to a level of seriousness comparable to her own violation in terms of the recommended disciplinary action.

Lane's circumstances are not nearly identical to Hoppens's circumstances.  Hoppens has presented no evidence indicating that Lane's conduct resulted in any loss, and Hoppens does not dispute that Lane did not lose a deposit.  The fact that Hoppens's

---

[3]Hoppens contends in her reply brief that the documents showing the recommended action for Lane's violation were not part of the trial court record and therefore cannot support the motion for summary judgment.  Our review of the record, however, found the documents in the trial record attached to defendant's reply memorandum.

10

violation resulted in a $1400 loss makes it more serious than Lane's. Hoppens has presented no evidence that the classification of Lane's violation was unusual or in error; she has only shown that she would classify Lane's violation differently. As the district court held, Lane is not similarly situated to Hoppens because the violations are not of comparable seriousness. Their circumstances are not nearly identical, and therefore the comparison does not support a reasonable inference of age discrimination.

Demeke's comment about Kidd does not show discrimination based on age. No evidence is presented on the circumstances of the discharge of the "long term" managers. The comment by Demeke does not suggest that the managers were discharged for anything other than legitimate reasons. Without more, the comment has such little probative value that it does not give rise to a reasonable inference of discrimination. We therefore conclude that Hoppens has presented no evidence creating a reasonable inference as to whether age was a determinative factor in her discharge, and thus she has failed to show a genuine issue of material fact about whether GNC's reason is a pretext for discrimination.[4]

---

[4]Hoppens also contends she was denied a jury trial in violation of the Seventh Amendment to the United States Constitution, but because she failed present an issue of material fact, this argument has no merit.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.